STANDING CHAPTER 13 TRUSTEE OSMARIE NAVARRO MARTINEZ
REPORT OF ACTION TAKEN
MEETING OF CREDITORS

**In re:**

**ANA MARIA FERRERAS**  Case No. 24-04866-ESL

Chapter 13  Attorney Name: **ROBERTO FIGUEROA CARRASQUILLO***

| I. Appearances | | | |
|---|---|---|---|
| **Debtor** | [X] Present | [ ] Absent | |
| **Joint Debtor** | [ ] Present | [ ] Absent | |
| **Attorney for Debtor** | [X] Present | [ ] Absent | |
| [ ] Prose | | | |
| [ ] Substitute | | | |

**Date & Time:** 12/18/2024 9:22:00AM
[X] R  [ ] NR  LV: 0.00
**ACP:** 5   **Unsecured Pool:** To be determined
[X] This is debtor(s) 1 Bankruptcy filing.
**Creditors:**

Department of Treasury by Ms. I. Romero

**II. Oath Administered**
[X] Yes   [ ] No

**III. Plan**

**Date:** 11/11/2024   **Base:** $23,394.00   Payments 1 made out of 1 due.

**Confirmation Hearing Date:** 1/22/2025 8:30:00AM

**Evidence of Pmt shown:**

**Attorney's fees as per R. 2016(b)**

$4,000.00 - $217.00 = $3,783.00

**IV. Status of Meeting**

[X] Closed   [ ] Not Held   [ ] Held/Continued

[ ] Held/Not Closed

[ ] Continued

**Continued Date:**
**Comments:**

[ ] M.T.D. to be filed by Trustee: Debtor(s) failed to: [ ] Appear: [ ] Commence payments

[ ] Keep payments current [ ] does (do) not qualify as a debtor (§109):

[ ] MTD Already filed, see Docket:5

[X] Other:

5

**STANDING CHAPTER 13 TRUSTEE OSMARIE NAVARRO MARTINEZ**
**REPORT OF ACTION TAKEN**
**MEETING OF CREDITORS**

In re:

ANA MARIA FERRERAS        Case No.   24-04866-ESL

Chapter 13     Attorney Name:   ROBERTO FIGUEROA CARRASQUILLO*

(Cont.)

**Trustee's Report on Confirmation**

**[ ] FAVORABLE**

**[X] UNFAVORABLE**

| | |
|---|---|
| [ ] Feasibility | [ ] No provision for secured creditor(s) |
| [ ] Insufficiently funded | [ ] Treat value of collateral separately |
| [ ] Unfair discrimination | [ ] No provision for insurance |
| [ ] Fails disposable income | [ ] Tax returns missing |
| [ ] Fails liquidation value test |    [ ] State - years |
| [ ] Insuarence quote | [ ] Federal - years |

**Pending/Items/ Documents:**

| | |
|---|---|
| [ ] Assumption/Rejection executory contract | [ ] Business Documents |
| |    [ ] Monthly reports for the months |
| [ ] Appraisal | |
| | [ ] Public Liability Insurance |
| [ ] DSO Recipient's Information |    [ ] Premises |
| |    [ ] Vehicle(s): |
| [ ] Evidence of being current with DSO | [ ] Licenses issued by: |
| [ ] Evidence of income | |

**STANDING CHAPTER 13 TRUSTEE OSMARIE NAVARRO MARTINEZ**
**REPORT OF ACTION TAKEN**
**MEETING OF CREDITORS**

**In re:**

**ANA MARIA FERRERAS**   Case No.   24-04866-ESL

Chapter 13   Attorney Name:   ROBERTO FIGUEROA CARRASQUILLO*

**COMMENTS**

**ACP: 5  Household size: 2  Disp. Income under 1325(b)(2): -138.05**

**Plan: $200.00 x 13; $82.00 x 7; $453.00 x 40 = $23,394.00  Gen. Uns. Disbursement: 13.861%  Attorney's fees: (Flat fee, $4,000.00 - $217.00 = $,783.00)**

**1. ISSUE(S) WITH DISPOSABLE INCOME TEST, §1325(b)(1)(B):**

 a. Form 122C-2 line #19 disclose a Court-ordered payments in the amount of $609.15, which was related to a garnishment from Treasury; however, the garnishment ceased as soon as the case was filed. Considering In re Kramer, 2014 WL 818942 (1st Cir. B.A.P. 2014), it is certain that debtor will not have such expense. Thus, the amount of $609.15 must be added to the disposable income disclosed in line 45 of SCMI form 122C-2.

b. Moreover, in the instant case, the expenses listed by the above captioned debtor do not fall within the category of "special circumstances" since the expenses disclosed at line 43 of the form 122C-2 of the Means Test are not unforeseeable or beyond the debtor's control, nor are they unanticipated, truly unavoidable, beyond the reasonable control of the debtor, and out of the ordinary. Trustee's objection will have an impact at line 45 of 122C2 as described below

Namely, Trustee objects disclosure of deduction special circumstances in Form 122C-2 described as follows $450.00 (Dependent's College monthly rent expense); and $585.20 (Dependent's college tuition monthly payment); for a total of 1,035.20. This will have an impact in the result at line 45 that currently reads -138.05 as explained below.

Additionally, debtor has not provided -
   (a) documentation of such expenses or adjustment to income; and
   (b) a detailed explanation of the special circumstances that make such expenses or adjustment to income necessary and reasonable.

As discussed at the meeting, since debtor's son will graduate in December 2025, trustee may allow the expenses for 13 months; however, we need to receive evidence of the expenses and determine the unsecured pool.  For the latter, we need to consider that college expenses will be only for a certain period of time and that there is no garnishment.

Considering the changes of circumstances (garnishment), we have a preliminary unsecured pool of $28,266 (-138.05+$609.16 = $471.10).

Furthermore, without the college expenses (line 43)  the unsecured pool if 53,829.  Deducting the college expenses in the amount of $1035.20 for 13 months ($13,457.60), the unsecured pool decreases to $40,371.40. Considering the

STANDING CHAPTER 13 TRUSTEE OSMARIE NAVARRO MARTINEZ
REPORT OF ACTION TAKEN
MEETING OF CREDITORS

In re:

ANA MARIA FERRERAS  Case No. 24-04866-ESL

Chapter 13  Attorney Name: ROBERTO FIGUEROA CARRASQUILLO*

amount of $28,266 plus 40,371.40 the total unsecured pool in this case is $68,637.40..

c. Debtor needs to amend plan to increase payments in higher proportion after the termination of the college related expenses. Also, to devote 50% of any bonus received from employer. Usually paid in March and October.

3. Debtor will amend SOFA to include collection of monies and garnishment file by Oriental Bank.

s/Osmarie Navarro  Date: 12/18/2024

Trustee/Presiding Officer  (Rev. 02/11)